**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1062**

APPALACHIAN POWER COMPANY,

          Plaintiff - Appellee,

    v.

WILLIAM W. NISSEN, II; LORA J. NISSEN,

          Defendants - Appellants.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Norman K. Moon, Senior District Judge. (7:14-cv-00535-NKM-RSB)

Submitted: December 15, 2016    Decided: December 19, 2016

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Pavlina B. Dirom, J. Frederick Watson, CASKIE & FROST, Lynchburg, Virginia, for Appellants. Matthew P. Pritts, Frank K. Friedman, C. Carter Lee, WOODS ROGERS, PLC, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William W. Nissen, II, and Lora J. Nissen appeal the district court's orders denying their motion to dismiss for lack of subject-matter jurisdiction and granting Appalachian Power Co.'s (APCO) motion for summary judgment. Because we conclude that the district court lacked subject-matter jurisdiction, we vacate the judgment of the district court and remand.

Our recent decision in Pressl v. Appalachian Power Co., ___ F.3d ___, No. 15-2348, 2016 WL 6833339 (4th Cir. Nov. 21, 2016), which concerned identical law and nearly identical facts, and for which this appeal was placed in abeyance, governs the outcome of this case. In Pressl, the Pressls sought a declaratory judgment in state court allowing them to build a dock on their land subject to APCO's flowage easement for the Smith Mountain hydroelectric project. Id. at *1. APCO removed the action, and the Pressls sought to remand, which the district court denied. Id. We held that the district court did not have subject-matter jurisdiction under 28 U.S.C. § 1331 (2012) or 16 U.S.C. § 825p (2012) because interpretation of APCO's flowage easement does not necessarily raise any federal question. Id. at *3-6.

Here, the Nissens, who also seek to build a dock on Smith Mountain Lake, make the same arguments as the Pressls regarding APCO's flowage easement on their land, which appears to be nearly identical to the easement APCO has on the Pressls' land. Because

2

under Pressl, the district court did not have subject-matter jurisdiction under 28 U.S.C. § 1331 or 16 U.S.C. § 825p, we vacate the judgment of the district court and remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED